UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANDEEP KAUR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID JOHNSON, et al.,<br><br>Defendants. | No. 1:19-cv-01541-DAD-JLT<br><br>ORDER *SUA SPONTE* REMANDING ACTION TO KERN COUNTY SUPERIOR COURT |

This is an unlawful detainer action brought under California state law by plaintiffs Mandeep Kaur and Parminder Bajwa (collectively "plaintiffs") against defendants David and Latunja Johnson (collectively "defendants"). On October 30, 2019, *pro se* defendants removed this case to this federal court from the Kern County Superior Court. (Doc. No. 1.) Defendants assert that the basis for removal is the presence of federal question jurisdiction, because defendants are bona fide tenants under the Protecting Tenants at Foreclosure Act ("PTFA"). (*Id.* at ¶ 3.) Defendants argue that plaintiffs were required to state a cause of action under the PTFA but sought to avoid providing the defendants the protections of that statute by filing this action as an unlawful detainer in state court. (*Id.* at ¶ 7.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell*

1

& *Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 559 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 559 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 559 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at

1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim, or that a defense or counterclaim would arise under federal law.").

Here, defendants have not shown that removal of this action to this federal court is appropriate. Plaintiffs' complaint is a straightforward unlawful detainer action that is based entirely on state law. Despite defendants' assertion that plaintiffs were required to state a cause of action under the PTFA, (Doc. No. 1 at ¶ 7), plaintiffs are the "master[s] of [their] complaint" and "may generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Even if plaintiffs' complaint did reference a federal statute, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The cause of action brought by plaintiffs here is plainly based on state law. Assuming, arguendo, defendants correctly aver that the PTFA preempts plaintiffs' state law claim, (Doc. No. 1 at ¶ 6), this would still be insufficient to establish federal question jurisdiction. *See St. Regis Properties, LLC v. Scott*, No. 18-cv-02616-JSC, 2018 WL 4377807, at *2 (N.D. Cal. May 18, 2018) ("[T]he PTFA does not completely preempt Plaintiff's California unlawful detainer claim such that removal would be proper."), *report and recommendation adopted*, No. 18-cv-02616-EMC, 2018 WL 4377798 (N.D. Cal. June 8, 2018). Finally, to the extent that defendants rely on the PTFA as a defense against plaintiffs' state law claims, this does not suffice to confer jurisdiction on this court because the defensive invocation of federal law cannot form the basis of this court's jurisdiction. *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.

Because there is no federal question appearing in plaintiffs' complaint in this case, defendants have failed to properly invoke this court's jurisdiction. Remand to the Kern County

1 | Superior Court is therefore appropriate and mandatory.  28 U.S.C. § 1447(c); *Wescom Credit*
2 | *Union v. Dudley*, No. cv 10-8203 GAF SSX, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010)
3 | (remanding an unlawful detainer action to state court where the defendant sought to invoke the
4 | PTFA to establish federal question jurisdiction).

Accordingly,

1. This action is remanded forthwith to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 30, 2019**

UNITED STATES DISTRICT JUDGE